## DUSENBURY v. BOARD OF COM'RS FOR ST. TAMMANY DRAINAGE DIST. NO. 2 et al.

### No. 1819.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1938.

Arthur J. Finney, of Covington, for appellants.

A. Giffen Levy, of New Orleans, for appellee.

LE BLANC, Judge.

This is a suit to have annulled and set aside a certain adjudication at a tax sale made on December 28, 1935, of the plaintiff's property, for taxes alleged to be due the St. Tammany Drainage District No. 2, for the years 1932, 1933, and 1934.

The property sold and adjudicated is situated within the limits of the drainage district, but outside of the levee line; that is, between the levee and the open shore of Lake Pontchatrain. It is the plaintiff's contention that her property received no benefits whatsover from the reclamation work undertaken by the said drainage district, and she alleges, as a fact, that no benefits were ever assessed against it by the board of appraisers of the said drainage district, whose report was confirmed by the district court by the decree signed May 13, 1927, and duly recorded in the recorder's office of St. Tammany parish.

Plaintiff alleges that for the reasons set forth in her petition no drainage tax for the years mentioned, nor for any other years, was or could be due or assessable against her said property, and that if it be claimed that the pretended tax sale which was had was based on tax levies for the said years then, for the reasons as set forth by her, any such levies or pretended sale thereunder was illegal and unconstitutional.

In the prayer of her petition plaintiff asks for judgment against the drainage district and the sheriff, ex officio tax collector of St. Tammany parish, decreeing the pretended tax sale and adjudication of her property to be null, void, unconstitutional, and of no force and effect, and that the same be set aside and canceled from the records of St. Tammany parish, and further she asks that the said defendants and each of them be enjoined from assessing, levying, collecting, or attempting to assess, levy, or collect, by sale or other-

638

wise, any drainage district tax against her property.

The defendant first filed pleas of estoppel and of prescription, and also an exception of no cause or right of action. All of these were overruled in the district court, after which the defendant filed its answer and the case went to trial on its merits. Upon trial, judgment was rendered in favor of the plaintiff in accordance with the demands made in the prayer of her petition, and from that judgment the defendant appealed to this court.

Plaintiff has filed a motion to dismiss the appeal for want of jurisdiction of this court.

The motion to dismiss is based on the ground that the suit involves a contest over the legality and constitutionality of a tax or local assessment and that under the Constitution of this state, the Supreme Court of the state is the only court vested with appellate jurisdiction in such cases.

Section 10 of article 7 of the Constitution defines the jurisdiction of the Supreme Court, and among its provisions we find that "it shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, * * * whatever may be the amount thereof." The brief recital of the material allegations of the petition in this case which we have given indicates clearly that the suit is one involving such a contest. The whole tenor of the petition is that the pretended tax sale of plaintiff's property was illegal and unconstitutional for the reason that it was illegally assessed for taxes by the defendant drainage district board herein. In brief before this court, counsel for the defendant practically concedes that such is the nature of plaintiff's suit, as it is therein stated that the action is one to nullify and set aside a tax sale on the grounds, "first, that the tax assessed is illegal for the reason that the property in question receives no benefits from said Drainage District; second, that no assessed benefits were ever levied legally against the * * property as set out in plaintiff's petition." It is patent, therefore, that the appeal properly lies in the Supreme Court, and this court cannot entertain jurisdiction of the case. Under the provisions of Act No. 19 of 1912, the case should be transferred to

the Supreme Court instead of the appeal dismissed.

It is therefore, for the reasons stated, now ordered that this case be transferred to the honorable Supreme Court of the state of Louisiana within thirty days from the date on which this decree will become final, and on failure of the defendant to file the said appeal in that court within such time, the appeal to stand dismissed. It is further ordered that the defendant pay all costs incident to the appeal taken to this court.